IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Barbara San Nicolas, | ) | |
| | ) | C/A No. 3:19-cv-01153-MBS |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Johnson & Johnson, et al., | ) | |
| | ) | **OPINION AND ORDER** |
| Defendants. | ) | |
| | ) | |

## I. INTRODUCTION AND FACTUAL BACKGROUND

On September 25, 2017, Barbara San Nicolas ("Plaintiff") filed this personal injury action in the Court of Common Pleas for Richland County, South Carolina, against Johnson & Johnson; Johnson & Johnson Consumer Companies Inc. ("Defendants"); Imerys Talc America, Inc. ("Imerys"); Borg-Warner Morse Tec LLC ("Borg-Warner"); Brenntag North America, Inc.; Brenntag Specialties, Inc.; Bristol-Myers Squibb Company; Certainteed Corporation; Colgate-Palmolive Company; Conopco, Inc., Cyprus Amaz Minerals Company; Daniel International Corporation; Edelbrock Corporation; Eli Lilly and Company; Honeywell International, Inc.; MW Custom Papers, LLC; Parfums de Coeur, Ltd.; Pfizer, Inc.; The Proctor & Gamble Company; Revlon, Inc.; Unilever Home & Personal Care USA; Unilever United States, Inc.; Union Carbide Corporation; Valeant Pharmaceuticals International Corporation; Valeant Pharmaceuticals North America LLC; Whittaker Clark & Daniels, Inc.; and Yves Saint Laurent America, Inc. ECF No. 1-1 at 1-4. Plaintiff asserts that she was exposed to asbestos contained within products manufactured by or supplied by the parties, including Johnson & Johnson baby powder, beginning in the 1950s. Plaintiff alleges the exposure resulted in her contracting mesothelioma.

1

The case is proceeding against Defendants and Borg-Warner solely, as the claims against the other parties were severed in state court.

On February 13, 2019, Imerys and two of its affiliates filed a bankruptcy petition in the United States Bankruptcy Court for the District of Delaware. ECF No. 1 at 1. On April 18, 2019, Defendants filed a notice of removal pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 1334 and 1452.[1] Id.  On April 23, 2019, Defendants filed a motion to fix venue in the District of Delaware. ECF No. 4. Defendants seek a finding that the several thousand pending state court cases are "related to" Imerys's bankruptcy filing and should be transferred to the District of Delaware pursuant to 28 U.S.C.A § 1334(b), which provides that district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

This matter is now before the court on a motion to remand filed by Plaintiff on May 10, 2019. ECF No. 16. Plaintiff argues that: (1) the removal is untimely (2) Plaintiff's claims are not "related to" Imerys's bankruptcy; and (3) the court must abstain pursuant to 28 U.S.C. § 1334(c)(2). Id. at 1-3. Plaintiff filed an affidavit in support also on May 10, 2019, and supplemental authority in support of the motion to remand on May 13, 2019. ECF Nos. 17, 18. Defendants filed a response in opposition on May 24, 2019. ECF No. 19. Plaintiff filed a reply and an affidavit in support of her motion on May 31, 2019. ECF Nos. 20,21.

---

[1] A " party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C.A. § 1452.

## II. ANALYSIS AND DISCUSSION

The court must first address whether this removal action is timely. Contrary to the thirty-day limit set forth in 28 U.S.C. § 1446(b), Bankruptcy Rule 9027 provides that a cause of action must be removed within ninety days of filing a bankruptcy petition. GSL of Ill, LLC v. Pitt Penn Oil Co., LLC, No. 09cv0571, 2009 WL 1691815, at *2 (W.D. Pa. June 17, 2009). "[A] 'majority' of courts [in this District] appear to have held that the 'time limits stated in Bankruptcy Rule 9027 should control with regard to Section 1452'." Kerkhof et al. v. Johnson & Johnson et al., No. 8:19-CV-01502-PX, 2019 WL 2359273, at *3 (D. Md. June 3, 2019)(quoting GSL of Ill, LLC, 2009 WL 1691815 at *2; Martin v. Chrysler Grp., LLC, No. 12-00060, 2013 WL 5308245, at *3 (W.D. Va. Sept. 20, 2013)). The bankruptcy action in this case was filed on February 13, 2019. This action was removed on April 18, 2019. Thus, 90 days had not passed at the time of removal. Removal was timely.[2]

Federal courts are courts of limited jurisdiction. U.S. Const. art. III, § 1. "[C]ourts [are to] construe removal statutes narrowly, and. . . any doubts should be resolved in favor of state court jurisdiction." Barbour v. Int'l Union, 640 F.3d 599, 617 (4th Cir. 2011). In this case, the questions presented are whether the within action is related to Imerys's bankruptcy proceeding as contemplated by 28 U.S.C. § 1334(b), and whether equity favors remand to state court.

In support of the proposition that "related to" jurisdiction exists, Defendants argue that there are indemnification agreements between Defendants and Imerys, that there are shared insurance agreements, and that there are shared unities of interest. While there are indemnification agreements present in this case, an "indemnification agreement between a

---

[2] Plaintiff asserts that the court agreed that removal was untimely in the court's remand order in Johnson v. Johnson & Johnson et al., C/A No. 3:19-cv-01152-MBS. The court instead found that removal was timely. ECF No. 24 at 3.

defendant and a *non-party* bankrupt debtor does not automatically supply the nexus necessary for the exercise of 'related to' jurisdiction." Steel Workers Pension Tr. v. Citigroup, Inc., 295 B.R. 747, 750 (E.D. Pa. 2003)(emphasis added). "Even with an indemnification agreement, a court lacks 'related to' jurisdiction if the non-debtor's recovery is predicated upon the results of a subsequent action for indemnification." In re W.R. Grace & Co., 412 B.R. 657, 667 (D. Del. 2009). When there is no automatic liability for indemnification, and a subsequent lawsuit does not require prior determination of indemnification, there is no "related to" jurisdiction. Id. Only cases where indemnification arises "independent of any additional legal actions" confer "related to" jurisdiction. Id. More generally, claims that serve as "mere precursor[s]" to potential indemnification claims do not confer "related to" jurisdiction. Pacor, Inc. v. Higgins, 743 F.2d 984, 995 (3d Cir. 1984). Discussing the potential for indemnification or litigation regarding indemnification at this stage is mere speculation. Imerys is not a party to this claim; as such, Plaintiff does not seek relief from Imerys or its bankruptcy estate. Based on the information available to the court at this time, it does not appear that there is related to jurisdiction.

Additionally, the court notes that recommencing these cases in federal court would result in severe injustice to Plaintiff. At the time of removal, the parties had made significant progress in state court, with several parties being dismissed from the suit. A similar matter has even completed the trial process.[3] Furthermore, Plaintiff's "health is rapidly declining," and her mesothelioma is terminal. ECF No. 16 at 4. Because equity favors prompt resolution in state court, this matter is remanded to the Richland County, South Carolina Court of Common Pleas. This decision does not affect the ability of District of Delaware to ultimately take jurisdiction should it or a Multi District Litigation Panel decide to do so. 28 U.S.C. §1407.

---

[3] See Johnson v. Johnson & Johnson et al., Case No. 2018-CP-40-01781.

4

## III. CONCLUSION

For the foregoing reasons, this matter is hereby **REMANDED** to the Richland County Court of Common Pleas. Defendants' motion to transfer, ECF No. 4, is **DENIED** as moot.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: June __14___, 2019

Columbia, South Carolina